## BEEM v. MAYS.

(152 Pac. 103.)

**Guardian and Ward—Duty of County Court Requiring Reports at Regular Periods.**

1.  The County Court should require guardians to prepare and file reports showing receipts and disbursements at regular periods, thereby not only lessening the burden of the courts, but protecting the property and interests of the ward.

[As to removal of guardian as resting in the discretion of the court, see note in Ann. Cas. 1912B, 977.]

From Union: GUSTAV ANDERSON, Judge.

This is a proceeding in the matter of the guardianship of David Troy, an incompetent person. Upon the death of the ward, R. C. Mays, as guardian, filed his final account, to which objections were made by Delilah Beem, Tom Troy and J. E. Troy. From a decree ordering the guardian to refund $126.64, the objectors appeal.    AFFIRMED.    REHEARING DENIED.

For appellants there was a brief over the names of *Mr. Turner Oliver* and *Mr. Joel H. Richardson,* with an oral argument by *Mr. Oliver.*

For respondent there was a brief and an oral argument by *Mr. Francis S. Ivanhoe.*

In Banc. MR. JUSTICE BEAN delivered the opinion of the court.

On February 6, 1899, R. C. Mays was appointed guardian for David Troy, who, on account of disease, had been rendered incapable of managing his own affairs, and acted as such until March 24, 1911, when his ward died. Reports of the administration of the

guardian were not filed at regular intervals. After the death of Troy the guardian filed a final account, to which the appellants objected. The County Court heard the evidence and approved the account, whereupon the objectors appealed to the Circuit Court, which referred the matter back to the former court for the taking of additional testimony. The final report contains 147 items of disbursements and several items of receipts by the guardian. The Circuit Court eliminated a portion of the expenditures, reduced others as claimed by the guardian, and from the evidence found the aggregate sum of disbursements by the guardian to be $6,820.49, and the total receipts $6,586.18, leaving a balance of $234.31, as the amount paid out by the guardian in excess of receipts. The court found Mays liable to the estate of David Troy, deceased, in the sum of $360.95 on account of a certain lot being sold for taxes, and penalties for delinquencies in the payment of levies, and decreed that the guardian refund $126.64 to the estate. The objectors appeal.

In this case there are no intricate questions of law involved which require a discussion. From a careful examination of each item of the guardian's report and the evidence relating thereto, we conclude that the trial court reached a proper conclusion. We would, however, emphasize the suggestion made by the circuit judge as to the necessity of the County Court requiring guardians to file reports of their administration at regular periods, thereby lessening the burden of the courts and protecting the interests of the wards. No good purpose would be served by setting forth the several items or the voluminous testimony in regard thereto.

The decree of the lower court is therefore affirmed.

AFFIRMED.   REHEARING DENIED.